IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

RONALD DONELL PETERSON,

        Plaintiff,

  v.

BINGHAMTON POLICE
DEPARTMENT, *et al.*,

        Defendants.

Civil Action No.
3:17-CV-1074 (GLS/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

RONALD DONELL PETERSON, *Pro se*
#168286
Broome County Correctional Facility
P.O. Box 2047
Binghamton, NY 13902

FOR DEFENDANTS:

NONE

OF COUNSEL:

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

Plaintiff Ronald Donell Peterson, who is proceeding *pro se*, has commenced this civil rights action pursuant to 42 U.S.C. § 1983 against the Binghamton City Police Department ("BCPD"), two BCPD

investigators, and the Broome County District Attorney. Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been referred to me for review. Based upon my consideration of those materials, plaintiff's application for leave to proceed without prepayment of fees is granted, and I recommend that plaintiff's complaint be dismissed with leave to replead.

I.      BACKGROUND

Plaintiff commenced this action on or about September 26, 2017. Dkt. No. 1. In his complaint, which was submitted on a pre-printed form designed for use in filing civil rights actions under 42 U.S.C. § 1983 in the Western District of New York, plaintiff alleges in summary fashion that the four defendants, including the BCPD, BCPD Investigators Brendan Whalen and Jena Sacco, and Broome County District Attorney Stephen K. Cornwall, falsely accused him of committing multiple sex offenses in June and August of 2017, resulting in a loss of plaintiff's liberty and defamation of his character. *Id.* at 5-6. As relief, plaintiff requests an award of $5 million in damages. *Id.*

II.     DISCUSSION

    A.     Plaintiff's IFP Application

Plaintiff's complaint was accompanied by a motion for leave to proceed IFP. Dkt. No. 2. That application appears to be complete and includes the required certification from the Broome County Jail, the facility in which plaintiff is currently confined, reflecting the balance of plaintiff's prison account balance. *Id.* The IFP application is also supported by an authorization permitting payments to be made from plaintiff's prison account to the clerk toward the required filing fee. Dkt. No. 3.

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid.[1] 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). In this instance, because I conclude that plaintiff meets the requirements for IFP status, his application for leave to proceed without prepayment of fees is granted.[2]

---

[1]     The total cost for filing a civil action in this court is $400.00, consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00. Although an inmate granted IFP status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3).

[2]     Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or

3

B.   Sufficiency of Plaintiff's Complaint

1.   Standard of Review

Because I have found plaintiff satisfies the financial criteria for commencing this case IFP, I must consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. §§ 1915(e), 1915A. Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("We have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis*.").

---

witness fees.

4

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable

5

basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under sections 1915(e) and 1915A, the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although

6

the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

    2.    <u>Analysis</u>

Due to the sparse factual allegations included in plaintiff's complaint, the court is unable to even liberally construe the pleading to assert a cognizable cause of action against any of the defendants. Indeed, the factual allegations included in the complaint purporting to support plaintiff's claims include only the following three sentences:

> The [BCPD], [BCPD] officer Brendan Whalen, [BCPD] officer Jena Sacco did the following to me . . .: Wrongfully accused me of multiple sex offences which resulted to [sic] my being deprived of my liberty and deformation [sic] of my character. Also, due to these false accusations Excessive Bail and Cruel and unusual punishment has been set and inflicted.

7

> Stephen K. Cornwell District Attorney did the following to me . . .: Wrongfully accused me of multiple sex offences which resulted in my liberty to continuously be withheld and further deformation [sic] of my character.

*Id.* at 5-6. Because plaintiff's allegations fail to satisfy the pleading requirement of Rule 8 of the Federal Rules of Civil Procedure and to include facts from which the court could conclude that his complaint states a colorable claim, I recommend that it be dismissed.

Defendant BCPD is subject to dismissal on an additional basis. The BCPD is an agency of the City of Binghamton and not an independent entity subject to suit. The proper defendant, instead, is the City of Binghamton. *See, e.g., Krug v. Cnty. of Rennselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008) (McAvoy, J.) ("A city police department is not an independent, suable entity separate from the municipality in which the police department is organized."). For this additional reason, I recommend that defendant BCPD be dismissed from the action.

  C. <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also*

8

Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, because it is possible that, with better pleading, plaintiff could cure the deficiencies identified in this report with respect to his complaint, I recommend that he be granted leave to amend his pleading. Notwithstanding that recommendation, however, plaintiff is warned that, in

9

the event he chooses to file an amended complaint, he is precluded from naming the BCPD as a defendant for the reasons discussed above in part II.B.2. of this report. It is also worth noting that any claim asserted against defendant Cornwell will be subjected to an analysis concerning absolute immunity. *See, e.g., Hill v. City of N.Y.*, 45 F.3d 653, 660-61 (2d Cir. 1995) ("[P]rosecutors are entitled to absolute immunity for that conduct intimately associated with the judicial phase of the criminal process.").

In addition, if plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in

10

any constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III.    SUMMARY AND CONCLUSION

Because plaintiff's application for leave to proceed without prepayment of fees is complete and demonstrates his entitlement to that status, it is granted. I recommend, however, that his complaint be dismissed with leave to replead.

Accordingly, it is hereby

ORDERED that plaintiff's application for leave to proceed in this action *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

11

RECOMMENDED that plaintiff's complaint in this action (Dkt. No. 1) be DISMISSED with leave to replead within thirty days of the date of any decision and order adopting this report.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[3] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

Dated:     November 7, 2017
              Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).